UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No.: 3:19-cv-00634

PRESERVE FOREST, LLC, )
)
Plaintiff, )
v. )
)
NATIONWIDE GENERAL INSURANCE )
COMPANY, )
)
Defendant. )

**NOTICE OF REMOVAL**

**NOW COMES** the Defendant, NATIONWIDE GENERAL INSURANCE COMPANY, through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby removes this case from the General Court of Justice, District Court Division, Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina. In support of this Notice of Removal, the Defendant shows unto the Court the following:

1. On or about October 16, 2019, Plaintiff commenced this action by filing a Complaint in the District Court of Mecklenburg County, North Carolina captioned as *Preserve Forest, LLC v. Nationwide General Insurance Company* Civil Action No. 19 CVD 21065. All pleadings and other process related to that case is attached to this Notice. (**Exhibit 1**).

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446 because (1) this Defendant has satisfied the procedural requirements for removal, and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**I.      Defendant has Satisfied the Procedural Requirements for Removal**

A. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service on the Defendant.

B. Generally, the amount in controversy is determined by reference to the Plaintiff's Complaint. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). Here, the Complaint does not demand money damages but requests non-monetary relief. In such cases, under 28 U.S.C. § 1446(c)(2)(A)(i), the Notice of Removal may assert the amount in controversy. In addition to the pleadings and process, in support of this Notice of Removal, the Defendant attaches the affidavits of Joshua Harbert and Sherwood Harrison Jones. (**Exhibit 2** and **Exhibit 3**; with attachments).

C. In this case, the lawsuit arises out of a Property Insurance claim for alleged damage to the roofs of the apartments of the Plaintiff from wind and/or hail that occurred on or about March 1, 2017.

D. After inspections, the Plaintiff contended that the amount of loss to the roofs from this event was in excess of $2.4 million dollars. (*See* Complaint ¶ 18; *see also* **Exhibit 2** - Affidavit of Mr. Harbert).

E. The Plaintiff invoked the appraisal process in the applicable policy in September 2018 and during the appraisal process to determine the amount of the loss, the Plaintiff's Appraiser, Miguel Mena, contended the amount of loss from wind and/or hail on March 1, 2017, was over $1.7 million dollars on a replacement cost basis. (*See* **Exhibit 3** - Affidavit of Mr. Jones).

F. The Award that was ultimately entered for the amount of loss was $7,500.00. Under the terms of the policy, the Appraisal Award sets the amount of loss.

G. In this action, Plaintiff seeks a Declaratory Judgment as to the rights and

obligations of the parties with regard to the Appraisal Award. Specifically, Plaintiff contends that the Appraisal Award should be set aside as being improper and procured based on "fraud, duress or other impeaching circumstances." (*See* Complaint ¶ 68). Plaintiff disagrees with the amount of loss determined in appraisal for hail and/or wind damage on March 1, 2017, and contends it is much higher than the Appraisal Award. (*See* **Exhibit 2** - Affidavit of Mr. Harbert; **Exhibit 3** - Affidavit of Mr. Jones).

    H.  In actions seeking declaratory relief, like this one, the amount in controversy is measured by the value of the object of the litigation. *See Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 97 S. Ct. 2434, 53 L.Ed 2d 383 (1977).

    I.  Here, the object of the litigation is the amount of the wind and/or hail damage to the roofs of Plaintiff's apartment buildings on March 1, 2017. The Plaintiff's contentions of that loss, and what it did seek as its loss, and will seek again as its loss in an appraisal award if the relief requested is allowed is in excess of $1.7 million dollars and well in excess of the statutory threshold of $75,000.00 for Removal.

    J.  While the relief requested is the setting aside of the $7,500.00 appraisal award, the object of, and the amount at stake in the appraisal process that led to that award, is the damage to the roofs which is an amount well in excess of $75,000.00 according to the Plaintiff and its representatives. (*See* **Exhibit 2** - Affidavit of Mr. Harbert; **Exhibit 3** - Affidavit of Mr. Jones).

  **II.**  **Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

    A.  The Plaintiff is alleged to have its principal place of business in the State of North Carolina. Upon information and belief, Plaintiff is incorporated in Delaware.

    B.  Nationwide General Insurance Company is and was at the time Plaintiff

commenced this action, a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio, and, therefore, is a citizen of Ohio for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

        C.       Therefore, there is complete diversity of citizenship between the parties.

**WHEREFORE**, the Defendant respectfully requests this matter be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as there is diversity of citizenship and the amount in controversy exceeds $75,000.00.

Respectfully submitted this the 20th day of November, 2019.

    s/R. Scott Brown
*Attorney for Nationwide General Insurance Company*
R. Scott Brown
NC State Bar No. 13435
Jonathan W. Martin
NC State Bar No. 49381
Brown, Crump, Vanore & Tierney, LLP
Post Office Box 1729
Raleigh, North Carolina 27602-1729
Telephone: (919) 835-0909
Facsimile: (919) 835-0915
Email: Sbrown@bcvtlaw.com
       Jmartin@bcvtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: _____

| | |
|---|---|
| KARA CHRISTINE FLUCHT STONE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>NATIONWIDE GENERAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | **CERTIFICATE OF SERVICE** |

    I hereby certify that on November 20th, 2019, I electronically filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF system. A copy via regular mail has been sent to the following individuals, and by electronic mail if service is not completed by the CM/ECF system:

        L. Lamar Armstrong, Jr., Esquire
        The Armstrong Law Firm, PA
        P.O. Box 27
        Smithfield, NC 27577
        Street: 602 South Third Street
        Lamar@ArmstrongLawyers.com
        *Attorneys for Plaintiff*

        Andrew A. Woellner, Esquire
        The Potts Law Firm, LLP
        3737 Buffalo Speedway, Suite 1900
        Houston, TX 77098
        awoellner@potts-law.com
        *Attorneys for Plaintiff*

*SIGNATURE PAGE FOLLOWS DIRECTLY*

Respectfully submitted,

s/R. Scott Brown
*Attorney for Nationwide General Insurance Company*
R. Scott Brown
NC State Bar No. 13435
Jonathan W. Martin
NC State Bar No. 49381
Brown, Crump, Vanore & Tierney, LLP
Post Office Box 1729
Raleigh, North Carolina 27602-1729
Telephone: (919) 835-0909
Facsimile:   (919) 835-0915
Email:  Sbrown@bcvtlaw.com
           Jmartin@bcvtlaw.com