UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No.: 3:19-cv-00634

PRESERVE FOREST, LLC,                    )
                                          )
                        Plaintiff,        )        **Exhibit 1**
                                          )
            v.                            )
                                          )    **Filings in State Court**
NATIONWIDE GENERAL INSURANCE             )    *Preserve Forest, LLC, v. Nationwide*
COMPANY,                                  )      *General Insurance Company*
                                          )        **No. 19-CVD-21065**
                        Defendant.        )

# STATE OF NORTH CAROLINA

File No. 19CVD21065

Mecklenburg County

In The General Court Of Justice
☒ District ☐ Superior Court Division

Name Of Plaintiff
Preserve Forest, LLC

Address

City, State, Zip

**VERSUS**

Name Of Defendant(s)
Nationwide General Insurance Company

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

Name And Address Of Defendant 1
Nationwide General Insurance Company
c/o Mike Causey, NC Commissioner of Insurance
1201 Mail Service Center
Raleigh                    NC  27699

Name And Address Of Defendant 2

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)
Lamar Armstrong, Jr.
The Armstrong Law Firm, P.A.
Post Office Box 27
Smithfield                    NC  27577

Date Issued 10-16-19    Time 12:00    ☐ AM  ☐ PM

Signature

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement    Time    ☐ AM  ☐ PM

Signature

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

NORTH CAROLINA

MECKLENBURG COUNTY

GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO. 11: 16  19CVD21065

2019 OCT 16  A 11: 16

MECKLENBURG CO., C.S.C.

Preserve Forest, LLC
    Plaintiff

v.

Nationwide General Insurance Company
    Defendant

)
)
)
)
)
)
)
)
)

Complaint

    1.    Preserve Forest, LLC ("Preserve Forest" or "Plaintiff") is a corporation with its principal office and place of business in Mecklenburg County, North Carolina.

    2.    At all relevant times, Nationwide General Insurance Company ("Nationwide") has engaged in its business of selling and issuing insurance policies and adjusting claims arising under its policies throughout North Carolina, including Mecklenburg County.

    3.    Prior to 1 March 2017 through the present, Preserve Forest has owned the Preserve at Lake Forest Apartments consisting of eighteen (18) apartment buildings and a club house located at 7259 Point Lake Drive in Charlotte, Mecklenburg County, North Carolina ("the Property").

    4.    During this time, Preserve Forest has purchased from Nationwide and maintained continuously property casualty insurance covering the Property (the Insurance).

    5.    On 1 March 2017, a thunderstorm with high winds and hail hit the area in Mecklenburg County where the Property was located ("the Storm").

    6.    The Storm included high winds and hail up to one inch as is documented by meteorological records of the event.

    7.    Preserve Forest did not discover the damage the Storm caused to the Property for about a year.

8.  On 3 July 2018, soon after Preserve Forest discovered damage to the Property's roofs, it filed a claim with Nationwide for damage caused by the Storm (the Claim).

9.  Because Preserve Forest's notice of claim was filed within a reasonable time after discovery of the damage, it was prompt and proper.

10.  Nationwide accepted the notice of claim and has not asserted that it was tardy or otherwise improper.

11.  Nationwide assigned its adjuster Christina Smith ("Smith") to adjust the claim.

12.  Smith never personally inspected the Property's roofs that Preserve Forest contended was damaged by the Storm (the Roofs).

13.  Instead, Smith retained a contractor (Ladder Now) to inspect the Roofs.

14.  Ladder Now's employee or agent was an unqualified and otherwise improper roof expert to rely upon for inspection of a hail and wind damage claim of this magnitude.

15.  Apparently relying on its improper roofing expert, Nationwide advised Preserve Forest on 10 July 2018 that Nationwide would not pay the Claim because the inspection found damage to *one shingle on the entire property*.

16.  Nationwide estimated $343.02 for repair of the Roofs based exclusively on its improper roofing expert to whom it delegated the entire inspection.

17.  In response to this insufficient evaluation and adjustment, Preserve Forest retained a public adjuster to evaluate and estimate the damage to the Roofs at issue in the Claim.

18.  Preserve Forest's public adjuster estimated damage to the Roofs in the amount of $2,421,818.47.

19.  In response, Nationwide then retained an engineer to inspect the Roofs, evaluate the scope of wind and hail damage from the Storm, and estimate the cost to repair this scope of damages.

20.  Nationwide's engineer used the incorrect date for the Storm.

2

21.     Nationwide's engineer concluded erroneously that the Roofs were not damaged by the Storm.

22.     Even so, on 17 August 2018, Nationwide revised its estimate and increased it to $1,811.21 which remained below the Insurance deductible for the Claim.

23.     On 5 September 2018, Preserve Forest invoked the appraisal process under the Insurance.

24.     The appraisal provision of the Policy provides as follows:

**2. Appraisal**

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. You and we must notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If the appraisers do not agree on the selection of an umpire within 15 days, they must request selection of an umpire by a judge or a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be the appraised value of the property or amount of loss. If you make a written demand for an appraisal of the loss, each party will:

> a.     Pay its chosen appraiser; and
> b.     Bear the other expenses of the appraisal and umpire equally.

25.     Under the Insurance and clear and controlling North Carolina case law, Preserve Forest's demand for appraisal was appropriate to determine the "amount of the loss" for the agreed upon scope of damage Nationwide and Preserve Forest stipulated or otherwise confirmed was in fact caused by the Storm.

3

26.     Appraisal places a number on the cost of repair but does not and cannot arbitrate or resolve questions of fact beyond the cost of repair.

27.     Causation and scope of damage always remain questions of fact that the appraisal process cannot resolve and should not attempt to resolve.

28.     Unless Nationwide agreed to the scope of damage Preserve Forest contended the Storm caused (widespread shingle and other damage to the Roofs), appraisal was not appropriate.

29.     Nevertheless, Nationwide accepted the appraisal demand without any clarification as to the scope of the appraisal and what, if any, agreement there was as to the damage caused by the Storm.

30.     Preserve Forest selected Miguel Mena ("Mena") as its appraiser.

31.     Nationwide selected Harrison Jones ("Jones") as its appraiser.

32.     On 1 October 2018, Mena and Jones conferred regarding the Claim.

33.     Contrary to the Insurance and North Carolina law, the appraisers did not identify the agreed upon scope for the appraisal. Rather, by implication (which is improper), they included the critical and determinative issue of causation as the primary purpose of the appraisal.

34.     Mena inspected the Roofs on 21-23 December 2018.

35.     Jones never physically inspected the Roofs.

36.     Instead, Jones conducted a "drive by" which is serious and gross dereliction of responsibility, particularly if Jones was trying to include (improperly) causation in the appraisal.

37.     Mena estimated $1,742,602.35 to fully repair and restore the Roofs and the Property.

38.     Jones did not prepare an estimate.

39.     Jones never provided any numerical figures in writing.

40.     Although Jones' and Mena's estimates for "the amount of loss" was over $1.7 million apart, this did not establish "disagreement" as required by the Insurance and North Carolina law because the difference was based on the extent of damage caused by the Storm and not differing estimates as to an agreed upon loss caused by the Storm.

4

41.     The parties and their appraisers never defined or delineated the scope of the admitted damage from which the "amount of loss" could be appraised.

42.     Nevertheless, even though contrary to the Insurance and North Carolina law because there was no "disagreement" as to "the amount of loss" as to agreed upon scope of damage, the parties' appraisers discussed appointment of an Umpire.

43.     Mena suggested three candidates for Umpire. Jones rejected all three.

44.     Jones suggested two candidates for Umpire, David Williams and Wayne Huckel ("Huckel").

45.     Huckel did not disclose that he had previously represented Nationwide.

46.     Even though appraisal of causation was not proper, and Huckel had not disclosed his conflict, Jones and Mena appointed Huckel as umpire.

47.     On 10 May 2019, Mena, Jones, and Huckel met at the Property.

48.     Neither Jones nor Huckel went on the Roofs, then or at any other time.

49.     Huckel presumably reviewed Mena's extensive report and estimate.

50.     Jones presented no report.

51.     Huckel stated he had not handled many wind and hail claims.

52.     Instead of inspecting the Roofs personally and hiring a well known and respected roofing expert (if necessary), Huckel hired a retired roofer who no longer repaired roofs.

53.     Relying on this improper and unqualified retired roofer and having no report from Jones, no delineation of the scope of agreed upon damage caused by the Storm, and no personal inspection of the Roofs, Huckel rejected Mena's detailed estimate and proposed an award of $7,500.

54.     The proposed award was not based on any estimate, any expert evaluation, or any other evidence that provided that amount of loss or specified the damage to which it related.

5

55.    In fact, Huckel provided no explanation for the proposed award of $7,500, other than stating it was to provide "flexibility in making the single shingle repairs".

56.    Huckel advised that his purported expert roofer would not make the repairs because he was retired.

57.    Jones joined with Huckel to endorse and finalize the Appraisal Award of $7,500 (the "Appraisal Award", Exhibit 1 attached and incorporated).

58.    Based on Huckel's outrageous an indefensible proposed award, Mena investigated Huckel and determined he had previously represented Nationwide in litigation.

59.    Huckel never disclosed this conflict when he accepted appointment as Umpire.

60.    Before Huckel signed the Appraisal Award, Mena advised Huckel and Jones that Preserve Forest objected to Huckel's acceptance of his appointment as Umpire without full and proper disclosure and requested that Huckel recuse himself and not enter the Appraisal Award.

61.    As a result of this inherently improper and outrageously deficient appraisal, Preserve Forest was presented with an award of $7,500 which is based only on one report by Mena supporting $1.7 million in repair cost, no report from Jones, no inspection by Huckel or Jones, a retired roofer who could not actually do the work, and a process that obviously included a determination of causation contrary to the Insurance and N.C. law.

62.    Mena initially borrowed from guidelines for mediators and cited those provisions to Huckel, which Huckel rejected as being inapplicable because the appraisal was not a mediation.

63.    Mena then drafted a second letter to Mr. Huckel requesting again that Huckel recuse himself.

64.    Mena cited the North Carolina Canons of Ethics for Arbitrators (Arbitrator Cannons) based on Huckel's comparison of appraisal to arbitration.

65.    The Arbitrator Canons provide:

    A. Persons asked to serve as arbitrators shall, **before accepting**, disclose:

6

(1) any direct or indirect financial or personal interest in the outcome of the arbitration;

(2) **any existing or past** financial, business, **professional**, family or social **relationships** which are likely to affect impartiality or **which might reasonably create an appearance of partiality or bias.** <u>Persons asked</u> to serve as arbitrators *shall* <u>disclose any such relationships which they personally have with any party</u> or its lawyer, or with any individual whom they have been told will be a witness. They shall also disclose any such relationships involving their spouses or minor children residing in the household or their current employers, partners or business associates; and

(3) any information required by a court in the case of court-administered arbitrations

...

C. The obligation to disclose interests or relationships described in Canon II.A is a continuing duty which requires a person accepting appointment as an arbitrator to disclose, at any stage of the arbitration, any such interests or relationships which may arise, or which are recalled or discovered.

North Carolina Canons of Ethics for Arbitrators, Canon II.

66.　Huckel's failure to disclose his prior relationship with Nationwide, a party to the appraisal, was a direct violation of the Arbitrator Cannons.

67.　Despite Preserve Forest's proper and timely objection, Huckel refused to recuse himself, ignored his conflict, and joined with Jones in signing the Appraisal Award for $7,500.

68.　Pursuant to N.C. Gen. Stat. §1-253, Preserve Forest seeks a declaratory judgment of the parties' rights and status as to the Appraisal Award, including an order setting aide the $7,500 Appraisal Award because it improperly resolves questions of fact as to causation (scope of damage) in addition to the "amount of loss" and, further, it was procured based on "fraud, duress and other impeaching circumstances" as described above.

69.　Venue is proper in Mecklenburg County.

7

70.   The District Court Division is the proper division based on the amount in controversy, which is at present the request to set aside and invalidate the $7,500 Appraisal Award.

WHEREFORE, Preserve Forest requests that the Court declare the parties' rights and status as to the Appraisal Award, set aside and invalidate the Appraisal Award of $7,500, grant a trial by jury as to all questions of fact necessary and proper in such ruling, and tax costs and attorney's fees against Nationwide as permitted by law.

THE ARMSTRONG LAW FIRM, P.A.

By: _____
L. Lamar Armstrong, Jr. (N.C. State Bar #9679)
Attorney for Plaintiff
Lamar@ArmstrongLawyers.com
602 South Third St., P.O. Box 27
Smithfield, NC 27577
(919) 934-1575


THE POTTS LAW FIRM, LLP

By: _____
Andrew A. Woellner
Attorney for Plaintiff
Texas Bar No. 24060850
*Pro Hac Vice To Be Filed*
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
(713) 963-8881 phone
(713) 583-5388 fax

8

STATE OF NORTH CAROLINA

Loss Locations: Buildings 7245, 7247, 7249, 7243, 7241, 7239, 7251, 7237, 7233, 7235, 7253, 7257, 7255, 6011, 6015, 6017, 6019, 6025, Office

## AWARD

We, the undersigned, pursuant to the within appointment, DO HEREBY CERTIFY that we have truly and conscientiously performed the duties assigned to us, agreeably to the foregoing stipulations, and have appraised and determined and hereby award as follows.

This Award is subject to the insurance policy terms, provisions, conditions, limitations, exclusions, deductibles, and prior payments. This Award does not determine whether any item included in this Award is covered under the applicable policy of insurance.

| Item | Replacement (Repair) Cost Value (RCV) | Actual Cash Value (ACV) |
|---|---|---|
| Building: Amount of Loss<br>Note: This Award is intended to address all damages and repairs, including but not limited to, those presented by the appraisers Miguel F. (Tito) Mena & Harrison Jones for all building and other associated repairs/remediation. | $7,500.00 | $7,500.00 |

TOTAL AMOUNT OF LOSS (RCV)............................................................................ $7,500.00

DEPRECIATION................................................................................................. $0.00

ACTUAL CASH VALUE (ACV).............................................................................. $7,500.00

Insured Appraiser: _____ Signature: _____ Date: _____
                        (Print Name)                          (Sign Name)

Insurance Co. Appraiser: H. JONES Signature: _____ Date: 7/25/19
                              (Print Name)                   (Sign Name)

Umpire: Wayne P. Huckel Signature: Wayne P Huckel Date: 8/8/19
              (Print Name)                  (Sign Name)

(A minimum of two signatures required for Award)

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nationwide General Insurance Company
c/o Mike Causey, NC Commissioner of Insurance
1201 Mail Service Center
Raleigh, NC 27699

9590 9401 0014 5071 8707 90

2. Article Number *(Transfer from service label)*

7015 0640 0007 8085 9136

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED BY

OCT 2 4 2019

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt



# Notice of Service of Process

null / ALL
Transmittal Number: 20645826
Date Processed: 11/05/2019

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com <br> Nationwide Mutual Insurance Company <br> Three Nationwide Plaza <br> Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide General Insurance Company <br> Entity ID Number 3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Preserve Forest, LLC vs. Nationwide General Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Mecklenburg County District Court, NC |
| **Case/Reference No:** | 19CVD21065 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 11/05/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NC Dept of Insur 10/25/2019 |
| **How Served:** | Client Direct |
| Sender Information: | The Armstrong Law Firm PA <br> N/Aocon |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**NC DEPARTMENT OF**
**INSURANCE**
MIKE CAUSEY • COMMISSIONER

October 31, 2019

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Nationwide General Insurance Company
One West Nationwide Blvd.
Columbus, OH  43215-2220

      Re:   Preserve Forest, LLC
              vs.
           Nationwide General Insurance Company

Dear Corporate Secretary:

Enclosed herewith are documents entitled **Civil Summons and Complaint**, which this Department
received through the mail on October 25, 2019.

                      MIKE CAUSEY
                      Commissioner of Insurance

                      Courtney H Ethridge
                      Special Deputy for
                      Service of Process

Enclosures



**NC DEPARTMENT OF**
**INSURANCE**
MIKE CAUSEY • COMMISSIONER

**SERVICE OF PROCESS**
Tel 919.716.6610   Fax 919.716.6757

Preserve Forest, LLC

      vs.                    Mecklenburg Co. File No. 19 CVD 21065

Nationwide General Insurance Company

     I, Courtney H Ethridge, a Special Deputy duly appointed for the purpose, do hereby accept

service of the **Civil Summons** of Plaintiff's Preserve Forest, LLC and adding Nationwide General

Insurance Company as a Defendant, and acknowledge receipt of a copy of the same, together with a copy

of the **Complaint,** under the provision of the North Carolina General Statute Section 58-16-30 as process

agent for Nationwide General Insurance Company.

     This the 25th day of October, 2019.

                           MIKE CAUSEY
                           Commissioner of Insurance

                           Courtney H Ethridge
                           Special Deputy for
                           Service of Process

1201 MAIL SERVICE CENTER | RALEIGH, NC 27699-1201 | WWW.NCDOI.COM

**STATE OF NORTH CAROLINA**

Mecklenburg County

File No.

In The General Court Of Justice
[x] District [ ] Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Preserve Forest, LLC | |
| *Address* | **CIVIL SUMMONS** |
| *City, State, Zip* | [ ] ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name Of Defendant(s)*<br>Nationwide General Insurance Company | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Nationwide General Insurance Company<br>c/o Mike Causey, NC Commissioner of Insurance<br>1201 Mail Service Center<br>Raleigh      NC 27699 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Lamar Armstrong, Jr.<br>The Armstrong Law Firm, P.A.<br>Post Office Box 27<br>Smithfield     NC 27577 | *Date Issued*<br>10-16-19 | *Time*<br>12:00 | [ ] AM<br>[ ] PM |
| | *Signature* | | |
| | [ ] Deputy CSC | [ ] Assistant CSC | [ ] Clerk Of Superior Court |

| [ ] ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* | [ ] AM<br>[ ] PM |
| | *Signature* | | |
| | [ ] Deputy CSC | [ ] Assistant CSC | [ ] Clerk Of Superior Court |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

NORTH CAROLINA

MECKLENBURG COUNTY

*Preserve Forest, LLC*
    Plaintiff

v.

*Nationwide General Insurance Company*
    Defendant

GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO. 11: 16

2019 OCT 16 A: 11: 16

MECKLENBURG CO.. C.S.C.

BY

)
)
)
)
)
)
)
)
)
)

Complaint

    1.    Preserve Forest, LLC ("Preserve Forest" or "Plaintiff") is a corporation with its principal office and place of business in Mecklenburg County, North Carolina.

    2.    At all relevant times, Nationwide General Insurance Company ("Nationwide") has engaged in its business of selling and issuing insurance policies and adjusting claims arising under its policies throughout North Carolina, including Mecklenburg County.

    3.    Prior to 1 March 2017 through the present, Preserve Forest has owned the Preserve at Lake Forest Apartments consisting of eighteen (18) apartment buildings and a club house located at 7259 Point Lake Drive in Charlotte, Mecklenburg County, North Carolina ("the Property").

    4.    During this time, Preserve Forest has purchased from Nationwide and maintained continuously property casualty insurance covering the Property (the Insurance).

    5.    On 1 March 2017, a thunderstorm with high winds and hail hit the area in Mecklenburg County where the Property was located ("the Storm").

    6.    The Storm included high winds and hail up to one inch as is documented by meteorological records of the event.

    7.    Preserve Forest did not discover the damage the Storm caused to the Property for about a year.

8.   On 3 July 2018, soon after Preserve Forest discovered damage to the Property's roofs, it filed a claim with Nationwide for damage caused by the Storm (the Claim).

9.   Because Preserve Forest's notice of claim was filed within a reasonable time after discovery of the damage, it was prompt and proper.

10.   Nationwide accepted the notice of claim and has not asserted that it was tardy or otherwise improper.

11.   Nationwide assigned its adjuster Christina Smith ("Smith") to adjust the claim.

12.   Smith never personally inspected the Property's roofs that Preserve Forest contended was damaged by the Storm (the Roofs).

13.   Instead, Smith retained a contractor (Ladder Now) to inspect the Roofs.

14.   Ladder Now's employee or agent was an unqualified and otherwise improper roof expert to rely upon for inspection of a hail and wind damage claim of this magnitude.

15.   Apparently relying on its improper roofing expert, Nationwide advised Preserve Forest on 10 July 2018 that Nationwide would not pay the Claim because the inspection found damage to *one shingle on the entire property*.

16.   Nationwide estimated $343.02 for repair of the Roofs based exclusively on its improper roofing expert to whom it delegated the entire inspection.

17.   In response to this insufficient evaluation and adjustment, Preserve Forest retained a public adjuster to evaluate and estimate the damage to the Roofs at issue in the Claim.

18.   Preserve Forest's public adjuster estimated damage to the Roofs in the amount of $2,421,818.47.

19.   In response, Nationwide then retained an engineer to inspect the Roofs, evaluate the scope of wind and hail damage from the Storm, and estimate the cost to repair this scope of damages.

20.   Nationwide's engineer used the incorrect date for the Storm.

2

21. Nationwide's engineer concluded erroneously that the Roofs were not damaged by the Storm.

22. Even so, on 17 August 2018, Nationwide revised its estimate and increased it to $1,811.21 which remained below the Insurance deductible for the Claim.

23. On 5 September 2018, Preserve Forest invoked the appraisal process under the Insurance.

24. The appraisal provision of the Policy provides as follows:

## 2. Appraisal

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. You and we must notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If the appraisers do not agree on the selection of an umpire within 15 days, they must request selection of an umpire by a judge or a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be the appraised value of the property or amount of loss. If you make a written demand for an appraisal of the loss, each party will:
>
> a.   Pay its chosen appraiser; and
> b.   Bear the other expenses of the appraisal and umpire equally.

25. Under the Insurance and clear and controlling North Carolina case law, Preserve Forest's demand for appraisal was appropriate to determine the "amount of the loss" for the agreed upon scope of damage Nationwide and Preserve Forest stipulated or otherwise confirmed was in fact caused by the Storm.

3

26. Appraisal places a number on the cost of repair but does not and cannot arbitrate or resolve questions of fact beyond the cost of repair.

27. Causation and scope of damage always remain questions of fact that the appraisal process cannot resolve and should not attempt to resolve.

28. Unless Nationwide agreed to the scope of damage Preserve Forest contended the Storm caused (widespread shingle and other damage to the Roofs), appraisal was not appropriate.

29. Nevertheless, Nationwide accepted the appraisal demand without any clarification as to the scope of the appraisal and what, if any, agreement there was as to the damage caused by the Storm.

30. Preserve Forest selected Miguel Mena ("Mena") as its appraiser.

31. Nationwide selected Harrison Jones ("Jones") as its appraiser.

32. On 1 October 2018, Mena and Jones conferred regarding the Claim.

33. Contrary to the Insurance and North Carolina law, the appraisers did not identify the agreed upon scope for the appraisal. Rather, by implication (which is improper), they included the critical and determinative issue of causation as the primary purpose of the appraisal.

34. Mena inspected the Roofs on 21-23 December 2018.

35. Jones never physically inspected the Roofs.

36. Instead, Jones conducted a "drive by" which is serious and gross dereliction of responsibility, particularly if Jones was trying to include (improperly) causation in the appraisal.

37. Mena estimated $1,742,602.35 to fully repair and restore the Roofs and the Property.

38. Jones did not prepare an estimate.

39. Jones never provided any numerical figures in writing.

40. Although Jones' and Mena's estimates for "the amount of loss" was over $1.7 million apart, this did not establish "disagreement" as required by the Insurance and North Carolina law because the difference was based on the extent of damage caused by the Storm and not differing estimates as to an agreed upon loss caused by the Storm.

4

41.　The parties and their appraisers never defined or delineated the scope of the admitted damage from which the "amount of loss" could be appraised.

42.　Nevertheless, even though contrary to the Insurance and North Carolina law because there was no "disagreement" as to "the amount of loss" as to agreed upon scope of damage, the parties' appraisers discussed appointment of an Umpire.

43.　Mena suggested three candidates for Umpire. Jones rejected all three.

44.　Jones suggested two candidates for Umpire, David Williams and Wayne Huckel ("Huckel").

45.　Huckel did not disclose that he had previously represented Nationwide.

46.　Even though appraisal of causation was not proper, and Huckel had not disclosed his conflict, Jones and Mena appointed Huckel as umpire.

47.　On 10 May 2019, Mena, Jones, and Huckel met at the Property.

48.　Neither Jones nor Huckel went on the Roofs, then or at any other time.

49.　Huckel presumably reviewed Mena's extensive report and estimate.

50.　Jones presented no report.

51.　Huckel stated he had not handled many wind and hail claims.

52.　Instead of inspecting the Roofs personally and hiring a well known and respected roofing expert (if necessary), Huckel hired a retired roofer who no longer repaired roofs.

53.　Relying on this improper and unqualified retired roofer and having no report from Jones, no delineation of the scope of agreed upon damage caused by the Storm, and no personal inspection of the Roofs, Huckel rejected Mena's detailed estimate and proposed an award of $7,500.

54.　The proposed award was not based on any estimate, any expert evaluation, or any other evidence that provided that amount of loss or specified the damage to which it related.

5

55.     In fact, Huckel provided no explanation for the proposed award of $7,500, other than stating it was to provide "flexibility in making the single shingle repairs".

56.     Huckel advised that his purported expert roofer would not make the repairs because he was retired.

57.     Jones joined with Huckel to endorse and finalize the Appraisal Award of $7,500 (the "Appraisal Award", Exhibit 1 attached and incorporated).

58.     Based on Huckel's outrageous an indefensible proposed award, Mena investigated Huckel and determined he had previously represented Nationwide in litigation.

59.     Huckel never disclosed this conflict when he accepted appointment as Umpire.

60.     Before Huckel signed the Appraisal Award, Mena advised Huckel and Jones that Preserve Forest objected to Huckel's acceptance of his appointment as Umpire without full and proper disclosure and requested that Huckel recuse himself and not enter the Appraisal Award.

61.     As a result of this inherently improper and outrageously deficient appraisal, Preserve Forest was presented with an award of $7,500 which is based only on one report by Mena supporting $1.7 million in repair cost, no report from Jones, no inspection by Huckel or Jones, a retired roofer who could not actually do the work, and a process that obviously included a determination of causation contrary to the Insurance and N.C. law.

62.     Mena initially borrowed from guidelines for mediators and cited those provisions to Huckel, which Huckel rejected as being inapplicable because the appraisal was not a mediation.

63.     Mena then drafted a second letter to Mr. Huckel requesting again that Huckel recuse himself.

64.     Mena cited the North Carolina Canons of Ethics for Arbitrators (Arbitrator Cannons) based on Huckel's comparison of appraisal to arbitration.

65.     The Arbitrator Canons provide:

    A. Persons asked to serve as arbitrators shall, **before accepting**, disclose:

6

(1) any direct or indirect financial or personal interest in the outcome of the arbitration;

(2) **any existing or past** financial, business, **professional**, family or social **relationships** which are likely to affect impartiality or **which might reasonably create an appearance of partiality or bias.** <u>Persons asked to serve as arbitrators *shall* disclose any such relationships which they personally have with any party</u> or its lawyer, or with any individual whom they have been told will be a witness. They shall also disclose any such relationships involving their spouses or minor children residing in the household or their current employers, partners or business associates; and

(3) any information required by a court in the case of court-administered arbitrations

...

C. The obligation to disclose interests or relationships described in Canon II.A is a continuing duty which requires a person accepting appointment as an arbitrator to disclose, at any stage of the arbitration, any such interests or relationships which may arise, or which are recalled or discovered.

North Carolina Canons of Ethics for Arbitrators, Canon II.

66.     Huckel's failure to disclose his prior relationship with Nationwide, a party to the appraisal, was a direct violation of the Arbitrator Cannons.

67.     Despite Preserve Forest's proper and timely objection, Huckel refused to recuse himself, ignored his conflict, and joined with Jones in signing the Appraisal Award for $7,500.

68.     Pursuant to N.C. Gen. Stat. §1-253, Preserve Forest seeks a declaratory judgment of the parties' rights and status as to the Appraisal Award, including an order setting aide the $7,500 Appraisal Award because it improperly resolves questions of fact as to causation (scope of damage) in addition to the "amount of loss" and, further, it was procured based on "fraud, duress and other impeaching circumstances" as described above.

69.     Venue is proper in Mecklenburg County.

7

70.    The District Court Division is the proper division based on the amount in controversy, which is at present the request to set aside and invalidate the $7,500 Appraisal Award.

WHEREFORE, Preserve Forest requests that the Court declare the parties' rights and status as to the Appraisal Award, set aside and invalidate the Appraisal Award of $7,500, grant a trial by jury as to all questions of fact necessary and proper in such ruling, and tax costs and attorney's fees against Nationwide as permitted by law.

THE ARMSTRONG LAW FIRM, P.A.

By: _L. Lamar Armstrong, Jr._

L. Lamar Armstrong, Jr. (N.C. State Bar #9679)
Attorney for Plaintiff
Lamar@ArmstrongLawyers.com
602 South Third St., P.O. Box 27
Smithfield, NC 27577
(919) 934-1575


THE POTTS LAW FIRM, LLP

By: _Andrew Woellner (S/ )_

Andrew A. Woellner
Attorney for Plaintiff
Texas Bar No. 24060850
_Pro Hac Vice To Be Filed_
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
(713) 963-8881 phone
(713) 583-5388 fax

8



CERTIFIED MAIL

7019 1120 0000 8966 0970

Nationwide General Insurance
Company
One West Nationwide Blvd.
Columbus, OH 43215-2220

NC DEPARTMENT OF
**INSURANCE**

1201 Mail Service Center
Raleigh, NC 27699-1201