# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00634-DSC

| | |
|---|---|
| PRESERVE FOREST LLC, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| NATIONWIDE GENERAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Remand" (document # 10), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and this Motion is ripe for disposition.

On October 16, 2019, Plaintiff filed its Complaint for declaratory judgment in Mecklenburg County District Court. Plaintiff seeks to set aside an arbitration award in the amount of $7,500. Plaintiff contends that the award is based on "fraud, duress and other impeaching circumstances." Document #1-1 at 10.

On November 20, 2019, Defendant removed the case to the United States District Court for the Western District of North Carolina alleging diversity subject matter jurisdiction.

On November 21, 2019, Defendant filed its Answer and Counterclaim seeking confirmation of the arbitration award.

On December 19, 2019, Plaintiff filed its Motion for Remand.

The existence of subject matter jurisdiction is a threshold issue. When a removed case lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case to federal district court if the court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). A case falls within

a district court's diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806).  It is undisputed that there is complete diversity of citizenship between Plaintiff and Defendant.

The amount in controversy is evaluated as of the time the complaint is filed.  Once the amount in controversy is met, subsequent events cannot reduce the amount to defeat jurisdiction. Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204-05 (4th Cir. 1979) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-93 (1938) (subsequent determination that one of plaintiff's claims was meritless did not destroy jurisdiction even though remaining claims appeared not to meet amount in controversy)).

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the "value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  The value of the object of the litigation is determined by "the potential pecuniary effect that a judgment would have on either party to the litigation." Lee v. Citimortgage, Inc., 739 F. Supp. 2d 940, 946 (E.D. Va. 2010). Under this test, the jurisdictional amount is satisfied if either "the direct pecuniary value of the right that a plaintiff seeks to enforce or the cost of the defendant's compliance with the prospective equitable relief" exceeds $75,000. Lee, 739 F. Supp. 2d at 946.

Applying those legal principles to the record here, Defendant has not met its burden of establishing the requisite amount in controversy at the time the Complaint was filed.  Defendant contends that the insurance claim underlying the arbitration award is the object of this litigation. "Notice of Removal" at 3 (document #1). If that award is set aside, Defendant faces the possibility of future litigation that could exceed the amount in controversy.  Those potential future damages

are too speculative to establish the amount in controversy, particularly where Plaintiff has not sought declaratory relief concerning any future arbitration proceeding. The stakes in this litigation are the confirmation or setting aside of a $7500 arbitration award.

**THEREFORE IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion for Remand" (document # 10) is **GRANTED** and this matter is **REMANDED** to Mecklenburg County District Court.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: January 21, 2020

David S. Cayer
United States Magistrate Judge